09-1089-cv
Coleman v. BrokersXpress, LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of April, two thousand ten.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> *Circuit Judges.*[*]

_____

BARUCH COLEMAN,

> *Plaintiff-Appellant*,

> v.                                                       09-1089-cv

BROKERSXPRESS, LLC, *et al.*,

> *Defendants-Appellee*s.

_____

---

[*] Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).

APPEARING FOR APPELLANT:      BARUCH COLEMAN, *pro se*, Closter, New Jersey.

APPEARING FOR APPELLEES:      JOHN P. LOPRESTI, Jr. (Harris L. Kay, Henderson & Lyman, Chicago, Illinois, *on the brief*), New York, New York.

Appeal from the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's February 5, 2009 judgment and March 3, 2009 order are AFFIRMED.

Appellant Baruch Coleman appeals pro se from (1) the dismissal of his claims alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and state and local law, and (2) the denial of his post-judgment motion for reconsideration and for leave to file a second amended complaint. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Motion To Dismiss

"We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002); see also Miller v. Wolpoff & Abramson,

2

L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Our independent review of the record confirms that the district court properly dismissed the complaint, as Coleman failed to allege facts sufficient to render plausible his conclusory allegations that defendants (1) terminated him because of his religion, and (2) retaliated against him after he filed a discrimination charge with the Equal Employment Opportunity Commission. Given the absence of specific factual allegations, the complaint does not support the inference that defendants are liable for the misconduct alleged. See id.

2.      Motion for Reconsideration and for Leave To Amend

Because the district court properly dismissed Coleman's complaint, and because Coleman identified no controlling decisions or facts that the district court overlooked in doing so, we cannot conclude that the denial of his motion for reconsideration was an abuse of discretion. See Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 131-32 (2d Cir. 1999) (reviewing motion for reconsideration for abuse of discretion). Nor can we conclude that the district court abused its discretion in denying Coleman leave to amend. The district court afforded Coleman one opportunity to amend the complaint, and Coleman made no

3

specific showing as to how he would cure the defects that persisted if given a second opportunity to amend. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 108 (2d Cir. 2007) (reviewing denial of leave to amend for abuse of discretion).

3.    Conclusion

We have considered Coleman's remaining arguments on appeal and conclude that they lack merit. Accordingly, the district court's February 5, 2009 judgment and March 3, 2009 order are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court